UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

SEAN MOSS                                          CASE NO. 2:24-CV-00060

VERSUS                                             JUDGE JAMES D. CAIN, JR.

SHERIFFS DEPT BEAUREGARD PARISH    MAGISTRATE JUDGE LEBLANC
ET AL

### MEMORANDUM RULING

Before the Court is a "Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim" (Doc. 4) wherein Defendants, Sheriff Mark Herford, and for the purposes of this Motion only, Beauregard Parish Sheriff's Office move to dismiss certain claims on the following grounds: (1) the Beauregard Parish Sheriff's Office is not a juridical entity capable of being sued; (2) Plaintiff has failed to sufficiently plead *Monell* claims against Sheriff Mark Hereford, and (3) Sheriff Mark Hereford is afforded discretionary immunity under Louisiana law relative to his decisions to hire and supervise his employees.

Also, before the Court is an "Opposed Notice and Plaintiff's Voluntary Motion to Dismiss Without Prejudice Claims and a Party Under Rule 41" (Doc.15).

### INTRODUCTION

Plaintiff, Sean Moss, alleges that on February 16, 2023, a caller contacted the Beauregard Parish Sheriff's Department to report a vehicle sitting on the side of the road

with a white male wearing a baseball cap sitting inside of the vehicle.[1] The dispatcher sent a Deputy to the vehicle who determined that Moss had run out of gas.[2] The Deputy was able to obtain information from the Dispatcher from the vehicle's temporary tag and Moss's driver's license.

Moss informed the Deputy that he was going to walk a short distance to a friend's house to retrieve gas. Moss then left the vehicle and returned a short time later with his friend.[3] Upon his return, Deputy Ben Pearson was near the vehicle.[4] Moss, who was accompanied by his friend, spoke to Deputy Pearson as they approached the vehicle.[5] As Moss approached Deputy Pearson, he grabbed Moss by the neck causing him to fall to the ground.[6] Deputy Pearson then proceeded to handcuff Moss.[7] Moss alleges that this violent action injured his neck, which resulted in him having to undergo a serious spinal surgery.[8]

Moss questioned Deputy Pearson who responded that there was an outstanding warrant for Moss's arrest. Moss informed Deputy Pearson that there was not an outstanding warrant for his arrest. Moss alleges that the prior unknown Deputy informed Deputy Pearson that there was no arrest warrant for Moss and his vehicle registration appeared to

---

[1] Doc. 1, ¶ 9.
[2] *Id.*
[3] *Id.* ¶¶ 13 and 14.
[4] *Id.* ¶ 14 and 15.
[5] *Id.*
[6] *Id.* ¶ 17.
[7] *Id.*
[8] *Id.*

be in order.[9] Deputy Pearson countered that the prior Deputy failed to run the report correctly.[10] Thereafter, Moss consented to a search of his vehicle and his residence.[11]

## **RULE 12(b)(6) STANDARD**

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

---

[9] *Id.* ¶ 20.
[10] *Id.* ¶ 21.
[11] *Id.* ¶ 22.

## **LAW AND ANALYSIS**

Defendants move to dismiss the Beauregard Parish Sheriff's Office and the *Monell* claims against Sheriff Hereford in his official capacity. The Court notes that this suit was filed on January 17, 2024, and when the instant Motion was filed, none of the Defendants had been properly served. As of this date, Sheriff Hereford and the Beauregard Parish Sheriff's Office has been served, but Defendant Ben Pearson has not been served.

The Court further notes that Moss agrees that the Beauregard Parish Sheriff's Office should be dismissed as it is not an entity capable of being sued.[12] Moss also agrees that it does not have sufficient evidence at this time to support its *Monell* claim against Sheriff Hereford, and desires to dismiss this claim, but only without prejudice. Sheriff Hereford opposes Moss's voluntary dismissal and seeks to have the *Monell* claims dismissed with prejudice.

Moss argues that it has not had sufficient time to conduct discovery to establish his *Monell* claims. Moss informs the Court that it intends to serve interrogatories, and requests for production of documents and take the deposition of the Sheriff to determine whether there exists evidence of official policies or customs leading to constitutional violations sufficient to support a *Monell* claim. The Court agrees. This case is in its infancy and there has been no discovery.

---

[12] See Plaintiff's Opposition, Doc. 14, and Plaintiff's Voluntary Motion to Dismiss Without Prejudice, Doc. 15.

## CONCLUSION

The Court will partially grant Defendant's Motion to Dismiss the Beauregard Parish Sheriff's Office with prejudice for the reasons stated and will also grant Moss's Voluntary Motion to Dismiss the *Monell* claims without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 30th day of April, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE